IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| OLYMPUS CORPORATION and OLYMPUS AMERICA INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 18-216-JFB-SRF |
| MAXELL, LTD., | ) ) | |
| Defendant. | ) ) | |
| MAXELL, LTD., | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 18-310-JFB-SRF |
| OLYMPUS CORPORATION and OLYMPUS AMERICA INC., | ) ) ) | |
| Defendants. | ) | |

**OLYMPUS'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS MAXELL'S COUNTS/COUNTERCLAIMS III, IV, AND VIII, AND MAXELL'S INDUCED, CONTRIBUTORY, AND WILLFUL INFRINGEMENT CLAIMS**

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
SHAW KELLER LLP
I.M. PEI BUILDING
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
*Attorneys for Olympus Corporation and Olympus America, Inc.*

OF COUNSEL:
William J. McCabe
Matthew J. Moffa
Thomas V. Matthew
PERKINS COIE LLP
30 Rockefeller Plaza
22nd Floor
New York, NY 10112
(212) 262-6900

Dated: August 10, 2018

# TABLE OF CONTENTS

**Page**

INTRODUCTION ............................................................................................................ 1

NATURE AND STAGE OF PROCEEDINGS ............................................................... 2

BACKGROUND ............................................................................................................. 3

LEGAL STANDARD...................................................................................................... 4

SUMMARY OF ARGUMENT ....................................................................................... 6

ARGUMENT .................................................................................................................. 7

I.      Maxell Has Not Plausibly Pled Direct Infringement Of The '209 And '284 Patents........ 7

II.     Maxell Has Not Plausibly Pled Direct Infringement Of The '244 Patent ...................... 12

III.    Maxell's Defective Direct Infringement Pleadings Render Its Corresponding
        Induced, Contributory, And Willful Infringement Allegations Equally Defective ......... 14

IV.     Maxell Has Not Plausibly Pled Induced, Contributory, Or Willful Infringement Of
        Any Patent.................................................................................................................. 14

CONCLUSION............................................................................................................... 17

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*ACCO Brands, Inc. v. ABA Locks Mfr. Co.*,
501 F.3d 1307 (Fed. Cir. 2007)..................................................................6

*Advanced Steel Recovery, LLC v. X-Body Equip., Inc.*,
808 F.3d 1313 (Fed Cir. 2015).................................................................9

*Amgen Inc. v. Coherus Biosciences Inc.*,
No. CV 17-546-LPS-CJB, 2018 WL 1517689 (D. Del. Mar. 26, 2018) ................13

*Aro Mfg. Co. v. Convertible Top Replacement Co.*,
377 U.S. 476 (1964)..................................................................14

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ..................................................... *passim*

*Atlas IP, LLC v. Exelon Corp.*,
189 F. Supp. 3d 768 (N.D. Ill. 2016) ...........................................................5

*Atlas IP LLC v. Pac. Gas & Elec. Co.*,
Case No. 15–cv–05469–EDL, 2016 WL 1719545 (N.D. Cal. Mar. 9, 2016) ..........9

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)........................................................... *passim*

*Disc Disease Sols. Inc. v. VGH Sols., Inc.*,
888 F.3d 1256 (Fed. Cir. 2018).................................................................10

*e.Digital Corp. v. iBaby Labs, Inc.*,
Case No. 15-cv-05790-JST, 2016 WL 4427209 (N.D. Cal. Aug. 22, 2016)..........9

*Execware, LLC v. Staples, Inc.*,
Civil Action No. 11-836-LPS, 2012 WL 6138340 (D. Del. Dec. 10, 2012) ..........17

*Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*,
535 U.S. 722 (2002)..................................................................13

*Fowler v. UPMC Shadyside*,
578 F.3d 203 (3d Cir. 2009)..................................................................5

*Fujitsu Ltd. v. Netgear Inc.*,
620 F.3d 1321 (Fed. Cir. 2010)..............................................................6, 16

*Global-Tech Appliances, Inc. v. SEB S.A.*,
563 U.S. 754 (2011)..................................................................14

**TABLE OF AUTHORITIES (continued)**

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
   136 S. Ct. 1923 (2016) ................................................................6, 17

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
   681 F.3d 1323 (Fed. Cir. 2012) ....................................................6, 14

*Linear Tech. Corp. v. Impala Linear Corp.*,
   379 F.3d 1311 (Fed. Cir.2004) .........................................................14

*L.M. Sessler Excavating & Wrecking, Inc. v. Bette & Cring, LLC*,
   Case No. 16-CV-06534-FPG, 2017 WL 4652709 (W.D.N.Y. Oct. 17, 2017) ....................9, 14

*Modern Telecom Sys., LLC v. TCL Corp.*,
   Civil Action No. 17-583-LPS-CJB, 2017 WL 6524526 (D. Del. Dec. 21,
   2017) ................................................................................ *passim*

*MONEC Holding AG v. Motorola Mobility, Inc.*,
   897 F. Supp. 2d 225 (D. Del. 2012) .............................................15, 17

*N. Star Innovations, Inc. v. Etron Tech. Am. Inc.*,
   Case No. CV 8:16–00599 SJO (FFMxx), 2016 WL 9046909 (C.D. Cal. Sept.
   21, 2016) ...........................................................................9

*N. Star Innovations, Inc. v. Micron Tech., Inc.*,
   Civil Action No. 17-506-LPS-CJB, 2017 WL 5501489 (D. Del. Nov. 16,
   2017) ................................................................................ *passim*

*Neology, Inc. v. Kapsch Trafficcom IVHS, Inc.*,
   Civil Action No. 13-2052-LPS, 2014 WL 4675316 (D. Del. Mar 30, 2016) .........................15

*Ottah v. Fiat Chrysler*,
   884 F.3d 1135, 1142 (Fed. Cir. 2018) .................................................13

*Raindance Techs., Inc. v. 10x Genomics, Inc.*,
   Civil Action No. 15-152-RGA, 2016 WL 927143 (D. Del. Mar. 4, 2016) ...........................9

*Raptor, LLC v. Odebrecht Constr., Inc.*,
   Case No. 17-21509-CIV-ALTONAGA/Goodman, 2017 WL 3503399 (S.D.
   Fla. June 22, 2017) ...................................................................9

*SIPCO, LLC v. Streetline, Inc.*,
   230 F. Supp. 3d 351 (D. Del. 2017) ...............................................9, 11

*Turbe v. Gov't of Virgin Islands*,
   938 F.2d 427 (3d Cir. 1991) .............................................................4

*Wright's Well Control Servs., LLC v. Oceaneering Int'l, Inc.*,
   Civil Action No. 15-1720, 2017 WL 568781 (E.D. La. Feb. 13, 2017) .............................9

**TABLE OF AUTHORITIES (continued)**

**STATUTES**

35 U.S.C. § 271(a) ....................................................................................................3

35 U.S.C. § 271(b) .................................................................................................3, 15

35 U.S.C. § 271(c) .............................................................................................3, 15, 16

**RULES**

Fed. R. Civ. P. 11 ....................................................................................................11

Fed. R. Civ. P. 12(b)(6)..............................................................................................4

Fed. R. Civ. P. 12(c) ..............................................................................................1, 2

Fed. R. Civ. P. 84 .....................................................................................................4

**INTRODUCTION**

Olympus Corporation and Olympus America, Inc. (collectively, "Olympus") move under Rule 12(c) to dismiss Counts III, IV, and VIII of Maxell, Ltd.'s ("Maxell") February 23, 2018 Complaint (Civil Action 18-310, D.I. 1), and Counterclaims III, IV, and VIII of its April 27, 2018 Answer (Civil Action 18-216, D.I. 10).

Maxell fails to allege sufficient facts to even suggest infringement of U.S. Patents Nos. 7,551,209; 8,130,284; and 8,599,244 in each of the above Counts and Counterclaims. Maxell identifies one or more patent claims allegedly infringed by an Olympus product, but then entirely fails to contend (plausibly or otherwise) that the accused product satisfies key limitations of those claims. The omissions for U.S. Patents Nos. 7,551,209; 8,130,284; and 8,599,244 suggest that Maxell has no plausible evidence that Olympus's cameras infringe the specific hardware and software configurations claimed therein. More significantly, the omission leaves Olympus and the Court with no clear understanding of Maxell's accusations as to these patents.

Olympus further moves under Rule 12(c) to dismiss Maxell's claims of induced, contributory, and willful infringement as to all patents-in-suit. Maxell does not allege sufficient facts from which specific intent to induce infringement could plausibly be inferred. Maxell also does not even properly allege contributory infringement, let alone provide a probable basis to conclude that such infringement has occurred. Maxell's failure to plausibly allege pre-suit knowledge of the patents is further fatal to all of its indirect and willful infringement claims.

While pleading standards may be quite liberal, Maxell's Complaint does not contain sufficient factual allegations to lead even to plausible inferences supporting many of its conclusory allegations. Accordingly, the Court should dismiss Counts III, IV, and VIII of its Complaint, Counterclaims III, IV, and VIII of its Answer, and all of its allegations of induced, contributory, and willful infringement in all ten of its Counts and Counterclaims.

### NATURE AND STAGE OF PROCEEDINGS

On February 6, 2018, Olympus filed for a Declaratory Judgment of Non-Infringement of five patents owned by Maxell, including (as relevant to this motion) U.S. Patent Nos. 7,551,209 (the "'209 Patent") and 8,130,284 (the "'284 Patent").  (Civil Action 18-216, D.I. 1.)

On February 23, 2018, Maxell filed a separate action accusing Olympus of infringing ten patents: four of the five patents in Olympus's Declaratory Judgment Complaint—including the '209 and '284 Patents—and six additional patents not identified by Olympus in its Complaint— including U.S. Patent No. 8,599,244 (the "'244 Patent").  (Civil Action 18-310, D.I. 1)

On April 27, 2018, Olympus and Maxell answered each other's Complaints.  Olympus's Answer denied infringement of all patents asserted by Maxell. (Civil Action 18-310, D.I. 11, 12.) Maxell's Answer included Counterclaims for infringement of the same ten patents in its Complaint, including the '209, '284 Patents, and '244 Patents.  (Civil Action 18-216, D.I. 10.) Olympus then denied infringement of the patents asserted in Maxell's Counterclaim. (Civil Action 18-216, D.I. 15, 16.)

On July 23, 2018, Olympus alerted Maxell by letter (attached hereto as Exhibit 1) that its pleadings regarding the '209, '284, and '244 Patents were deficient for the reasons in this motion.  Olympus asked Maxell to dismiss its infringement claims under these patents, and advised Maxell that if it did not, Olympus would move to dismiss those claims under Rule 12(c). In a responsive letter (attached hereto as Exhibit 2), Maxell declined to dismiss its claims, alleging that it had "plead [sic] sufficiently."

Maxell did not proffer an amended complaint, and the Court's July 30, 2018 deadline for amended pleadings has passed.

## BACKGROUND

The '209 Patent is titled "Imaging Apparatus and Method for Controlling White Balance." (Civil Action 18-216, D.I. 10 at Exh. C.)  Maxell accuses Olympus of directly infringing "at least claims 1, 3, 5, and 6" of the '209 Patent under 35 U.S.C. § 271(a) by *inter alia* making and selling "digital camera technology" including the "OM-D E-M10" digital camera. (Civil Action 18-216, D.I. 10 ¶ 44.)  Maxell alleges that eight other Olympus camera models "work as described" with respect to the '209 Patent.  (*Id.* ¶ 47.)  In its Complaint and Counterclaims Maxell identifies certain features of the OM-D E-M10 that allegedly correspond to certain limitations of claim 1 of the '209 Patent, but omits other, key claim limitations from its discussion.

Maxell also accuses Olympus of indirectly infringing these same patent claims under 35 U.S.C. § 271(b) by "actively inducing the use, offering for sale, selling, or importation" of the accused camera "through . . . user guides," and under 35 U.S.C. § 271(c) by providing others with "a white balance control component," "knowing the same to be especially made or especially adapted for use in infringement of the '209 Patent." (*Id.* ¶¶ 48-50.)

Maxell also accuses Olympus of willful infringement based solely on having "been on notice of the '209 Patent since at the latest April 7, 2016." (*Id.* ¶¶ 51-52.)  Maxell does not, however, identify what April 7, 2016 event allegedly put Olympus "on notice" of the '209 Patent, nor how it allegedly did so, nor what ongoing behavior signifies willful infringement.

The '284 Patent is a continuation of the '209 Patent and shares its title.  (Civil Action 18-216, D.I. 10 at Exh. D.)  Maxell accuses Olympus of directly infringing "at least claims 1, 3, 5, and 7" under 35 U.S.C. § 271(a) and indirectly infringing these claims under 35 U.S.C. §§ 271(b) and (c), with reference to the same cameras and acts above.  (Civil Action 18-216, D.I. 10 ¶¶ 57–63.)  Again, Maxell identifies certain features of the OM-D E-M10 that allegedly

correspond to certain limitations of claim 1 of the '284 Patent, but omits other, key claim

limitations from its discussion.  Here again, Maxell accuses Olympus of willful infringement

based solely on having "been on notice of the '284 Patent since at the latest April 7, 2016."  (*Id.*

¶¶ 64-66.)  In fact, Maxell's indirect and willful infringement allegations are nearly copies of its

boilerplate allegations under the '209 Patent.

The '244 Patent is titled "Imaging Apparatus Capable of Switching Display Methods."

(Civil Action 18-216, D.I. 10 at Exh. H.)  Maxell accused Olympus of directly infringing "at

least claim 1" by *inter alia* making, using, or selling the same OM-D E-M10 digital camera, as

well as other allegedly similar cameras.  (Civil Action 18-216, D.I. 10 ¶ 115, 118.)  Maxell again

alleges indirect infringement by boilerplate reference to distribution of user guides and (here) to

Olympus's sale of "a component to record a picture on a recording medium." (*Id.*  ¶¶ 119-121.)

And, again, Maxell accuses Olympus of willful infringement based solely on an alleged notice

date of April 7, 2016.  (*Id.*  ¶¶ 122-123.)

No charts, manuals, evidence, or further infringement analysis was provided with

Maxell's Complaint or Counterclaims.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(c), a complaint must be dismissed for failure to

allege facts sufficient to show plausible entitlement to relief under a cognizable legal theory.  *See*

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Turbe v. Gov't of Virgin Is.*, 938 F.2d 427,

428 (3d Cir. 1991) (for a Rule 12(c) motion to dismiss for failure to state a claim, the courts

"apply the same standards as under Rule 12(b)(6)").  Courts in this District apply the standard of

*Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), to claims of direct patent infringement filed

subsequent to the December 2015 abrogation of Federal Rule of Civil Procedure 84.  *N. Star*

*Innovations, Inc. v. Micron Tech., Inc.*, C.A. No. 17-506-LPS-CJB, 2017 WL 5501489, at *1 (D.

Del. Nov. 16, 2017), *report and recommendation adopted* at D.I. 37 (Jan 3, 2018) (hereinafter, "*North Star*").

Under the *Twombly/Iqbal* standard, the court separates the factual and legal elements of a claim, accepting all of the complaint's well-pleaded facts as true, but disregarding any legal conclusions. *Id.* (quoting *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009)).  A claim must be dismissed unless the claimant alleges facts in the complaint sufficient to show a "plausible claim to relief." *Iqbal*, 556 U.S. at 679.  A plausible claim must do more than merely allege entitlement to relief; it must demonstrate the basis for that entitlement with facts. *Fowler*, 578 F.3d at 211.

A claimant alleging patent infringement must plead facts that plausibly indicate that the accused products practice each limitation in at least one asserted patent claim. *Modern Telecom Sys., LLC v. TCL Corp.*, C.A. No. 17-583-LPS-CJB, 2017 WL 6524526, at *2 (D. Del. Dec. 21, 2017), *report and recommendation adopted* at D.I. 27 (Jan 9, 2018); *North Star*, 2017 WL 5501489 at *1; *see also Atlas IP, LLC v. Exelon Corp.*, 189 F. Supp. 3d 768, 775 (N.D. Ill. 2016) ("[F]actual allegations that do not permit a court to infer that the accused product infringes each element of at least one claim are not suggestive of infringement—they are merely compatible with infringement.")  "After all, if it is not plausible, after reading a complaint, that the accused infringer's product reads on a limitation in the one asserted claim from a patent-in-suit, then it is not plausible that the accused infringer actually infringes the patent claim (or the patent)." *North Star*, 2017 WL 5501489 at *1.

Allegations of induced, contributory, and willful infringement all require plausible allegations of direct infringement. *Modern Telecom*, 2017 WL 6524526, at *4.  Further, to plead inducement, a patent owner must plausibly allege that the accused party "actively and

knowingly" aided that third-party's direct infringement.  *See ACCO Brands, Inc. v. ABA Locks Mfr. Co.,* 501 F.3d 1307, 1312 (Fed. Cir. 2007).  To plead contributory infringement, the patent owner must further plausibly allege *inter alia* that the accused infringer had actual knowledge of the patent and supplied a third party direct infringer with a component having no substantial non-infringing uses.  *See Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010).  And to plead willful infringement, the patent owner must allege plausible facts from which the Court could conclude that the accused infringer acted in a manner "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1932 (2016).

## SUMMARY OF ARGUMENT

Maxell does not plead facts sufficient to demonstrate direct infringement of the '209, '284, and '244 Patents by Olympus under *Twombly* and *Iqbal*.  For each of these patents, Maxell fails to plausibly allege that any accused Olympus product practices at least one key limitation in each identified claim.  Maxell's direct infringement allegations under these patents should accordingly be dismissed.  *Modern Telecom Sys.*, 2017 WL 6524526 at *3, *North Star*, 2017 WL 5501489 at *3.  Moreover, because a plausible allegation of direct infringement is necessary to plead induced, contributory, or willful infringement, those allegations as to the '209, '284, and '244 Patents must be dismissed as well.  *Modern Telecom Sys.*, 2017 WL 6524526 at *4; *see In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1333 (Fed. Cir. 2012).

Maxell also does not plead facts sufficient to demonstrate induced, contributory, or willful infringement of ***any other*** patent in suit.  Maxell's repetitive allegations across all ten patents boil down to (a) an unsupported allegation of pre-suit knowledge of all ten patents in suit as of April 7, 2016, (b) the allegation that Olympus (like any company) provides a user manual

for its products, and (c) an unsupported, incorrect, and legally insignificant assertion that

Olympus supplies camera components with the knowledge that others will use them to infringe

Maxell's patents.  Even taken as true, this is far from sufficient for the Court to plausibly

conclude that Olympus has engaged in induced, contributory, or willful infringement.

<u>ARGUMENT</u>

### I.    Maxell Has Not Plausibly Pled Direct Infringement Of The '209 And '284 Patents

Maxell accuses Olympus of directly infringing "at least claims 1, 3, 5, and 6" of the '209

Patent by inter alia making and selling "digital camera technology" including the "OM-D E-

M10" digital camera.  (Civil Action 18-216, D.I. 10 ¶ 44.)

Maxell's Complaint and Counterclaim purport to identify features of the OM-D E-M10

that meet the claims of the '209 Patent, but completely ignore particular limitations from each of

the listed claims.  These include key limitations describing the operation of the claimed camera's

"white balance controlling means" under very specific conditions related to zoom, brightness,

and distance.

'209 Patent Claim 1 requires selective white balance adjustment based on two

"threshold" values linked to object brightness, when distance is fixed but zoom changes:

> while object distance detection information is fixed, ***if zoom value information changes when object brightness information is a first value***, white balance adjustment is made or not made according to a ***first threshold value***; ***and if the zoom value information changes, when the object brightness information is a second value different from the first value***, white balance adjustment is made or not made according to a ***second threshold value*** different from the first threshold value.

(Civil Action 18-216, D.I. 10 at Exh. C Claim 1 (emphasis added).)

Claim 3 (with differences from Claim 1 emphasized) likewise requires selective white

balance adjustment based on two threshold values (here linked to zoom rather than brightness),

when distance is fixed but another variable changes (here brightness rather than zoom):

while object distance detection information is fixed, *if object brightness information changes when zoom value information is a first value*, white balance adjustment is made or not made according to a *first threshold value*; and *if the object brightness information changes when the zoom value information is a second value different from the first value*, white balance adjustment is made or not made according to a *second threshold value* different from the first threshold value.

(Civil Action 18-216, D.I. 10 at Exh. C Claim 3.)

Claims 5 and 6 require threshold-based selective white balance adjustment under even narrower conditions relating zoom, brightness, and distance to multiple thresholds.  (Civil Action 18-216, D.I. 10 at Exh. C Claims 5, 6.)

Maxell's Complaint and Counterclaim provide *no* factual allegations as to how the OM-D E-M10 operates under *any* zoom, brightness, or distance conditions, let alone the four distinct relationships in the identified claims of the '209 Patent.  Instead of identifying direct or circumstantial evidence that the accused Olympus camera performs in the manner of even one claim, Maxell merely alleges that the accused camera "has a circuit for setting a threshold on the basis of object brightness and distance and comparing the distance outputted from the object distance detecting circuit with the threshold value."  (Civil Action 18-216, D.I. 10 ¶ 45.)  But that is not the language of any asserted claim; it is neither coextensive with nor even suggestive of a limitation therein.  It does not even mention a "zoom value" as recited in each identified claim.

Maxell also states in conclusory fashion that "the foregoing features and capabilities of the OM-D E-M10, and Olympus' description and/or demonstration thereof, including in user manuals and advertising, reflect Olympus' direct infringement by satisfying every element . . . ." (*Id.* ¶ 46.)[1]  But Maxell does not identify any pages, text, or images from any "user manuals and

---

[1] This appears to be the single sentence on which Maxell's counsel relies for his statement that Maxell "expressly pleads Olympus's products satisfy every element of at least one claim of the patents." (Exhibit 2.)

advertising" allegedly demonstrating infringement of the '209 Patent.  Nor does Maxell provide

a narrative or visual analysis suggesting that the OM-D E-M10 was tested under *any* of the

claimed conditions.  Nor does Maxell provide any allegations for the eight other identified

Olympus camera models except that they "work as described above."  (*E.g. id.*  ¶ 47.)

Courts in this District and elsewhere routinely dismiss infringement complaints that fail

to allege plausible infringement of all elements of at least one asserted patent claim.  *See, e.g.,*

*Modern Telecom Sys.*, 2017 WL 6524526 at *3, *North Star*, 2017 WL 5501489 at *3; *SIPCO,*

*LLC v. Streetline, Inc.*, 230 F. Supp. 3d 351, 353 (D. Del. 2017); *Raindance Techs., Inc. v. 10x*

*Genomics, Inc.*, C.A. No. 15-152-RGA, 2016 WL 927143, at *3 (D. Del. Mar. 4, 2016); *see also,*

*e.g.*, *L.M. Sessler Excavating & Wrecking, Inc. v. Bette & Cring, LLC*, Case No. 16-CV-06534-

FPG, 2017 WL 4652709, at *5 (W.D.N.Y. Oct. 17, 2017); *Raptor, LLC v. Odebrecht Constr.,*

*Inc.*, Case No. 17-21509-CIV-ALTONAGA/Goodman, 2017 WL 3503399, at *3 (S.D. Fla. June

22, 2017); *Wright's Well Control Servs., LLC v. Oceaneering Int'l, Inc.*, Civil Action No. 15-

1720, 2017 WL 568781, at *5 (E.D. La. Feb. 13, 2017); *N. Star Innovations, Inc. v. Etron Tech.*

*Am. Inc.*, Case No. CV 8:16–00599 SJO (FFMxx), 2016 WL 9046909 (C.D. Cal. Sept. 21,

2016); *e.Digital Corp. v. iBaby Labs, Inc.*, Case No. 15-cv-05790-JST, 2016 WL 4427209 (N.D.

Cal. Aug. 22, 2016); *Atlas IP LLC v. Pac. Gas & Elec. Co.*, Case No. 15–cv–05469–EDL, 2016

WL 1719545, at *3-4 (N.D. Cal. Mar. 9, 2016).

Such a requirement is consistent with the patent law axiom that "[t]here is simply no

infringement unless 'every limitation set forth in a [patent] claim [is] found in an accused

product, exactly.'" *Wright's Well*, 2017 WL 568781 at *5 (quoting *Advanced Steel Recovery,*

*LLC v. X-Body Equip., Inc.*, 808 F.3d 1313, 1319 (Fed Cir. 2015)).  Such an element-by-element

analysis can be omitted from an infringement complaint only in the rare case where a "simple

technology" can be shown to infringe merely by visual inspection of the accused product and its packaging. *E.g.*, *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018). This is decidedly not such a case.

To satisfy the pleading requirements of *Iqbal* and *Twombly*, a patentee must allege facts articulating why it is plausible that the other party's product infringes at least one claim of an asserted patent; it is not enough to attest, "in a take-my-word-for-it fashion, that it is so." *Modern Telecom Sys.*, 2017 WL 6524526 at *3. Stripped of such conclusory allegations, Maxell's Complaint and Counterclaims under the '209 Patent at best allege (without evidence or analysis) that the Olympus cameras have a circuit for setting a threshold based on brightness and distance, and for comparing object distance to that threshold value. Even if true, this is not a plausible allegation that the Olympus cameras use *two* threshold values as claimed, nor that two such threshold values are applied when zoom, brightness, and distance change as specifically defined in the identified claims, nor (crucially) that such threshold values are used to determine whether a white balance adjustment should in fact be made or not made.

Maxell's infringement allegations under the '284 Patent are similarly deficient. The '284 Patent is a continuation of the '209 Patent and claims similar methods for controlling white balance in a camera. Maxell accuses the same Olympus products of infringing claims 1, 3, 5, and 7 of the '284 Patent. (Civil Action 18-216, D.I. 10 ¶ 57, 60.) Those claims recite still other permutations of zoom, distance, and brightness, by which multiple thresholds are set at which white balance is controlled or not controlled. For example, '284 Patent Claim 1 requires that

> ***in cases where object distance detection information is fixed, and when object brightness information is a first value, while zoom value information changes, on a border of a first threshold value***, adjustment of white balance is made operative or stopped, and ***when the object brightness information is a second value different from the first value, and when the zoom value information is***

> *changed*, adjustment of white balance is made operative or stopped *on the border of a second threshold value* different from the first boundary value.

(Civil Action 18-216, D.I. 10 Exh. D Claim 1 (emphasis added).)  Claims 3, 5, and 7 recite

similarly complex relationships, varying which parameters are "fixed" or "change[]."  (*Id.*

Claims 3, 5, 7.)

Just as with the '209 Patent, Maxell provides no plausible facts from which to conclude

that the accused Olympus products operate as in these narrow claims.  Rather, Maxell merely

alleges without evidence that "[t]he OM-D E-M10 controls white balance in an image based on

. . . distance, zoom, and brightness values" and "has a circuit for setting a threshold on the basis

of object brightness, zoom, and distance."  (Civil Action 18-216, D.I. 10 ¶ 45.)  As above, even if

true, this gives the Court no factual basis to conclude that the Olympus cameras use *two*

threshold values as claimed, nor that two such threshold values are applied when zoom,

brightness, and distance change as specifically defined in the identified claims, nor (again,

crucially) that such threshold values are used to determine whether a white balance adjustment

should in fact be "made operative or stopped."

The claims of the '209 and '284 Patents are narrow; they define very specific

mechanisms for selectively engaging white balance control in a camera.  To have had a basis to

bring its infringement claims Maxell *must* have believed in good faith that the accused Olympus

cameras implement each relationship claimed in its identified claims.  *North Star*, 2017 WL

5501489, at *2 (citing *SIPCO*, 230 F. Supp. 3d at 353).[2]  "And so [Maxell] needs to plead facts

that say something about what that view is—about what the accused product contains that meets

these claim limitations (and the others) and that helps the Court understand why it is plausible

---

[2] Notably, Maxell does not plead any of its direct infringement allegations of the '209, '284, and '244 Patents "on information and belief."

that this is so." *Id.*  Otherwise, neither Olympus nor the Court can conclude if it is plausible that

the claim limitations are met by the accused product.  *See id.*  Nor without a clear understanding

of Maxell's allegations can Olympus satisfy its discovery obligation to produce its upcoming

core technical documents on September 7, 2018 under the Court's contention schedule.  Indeed,

Maxell was on notice of a heightened obligation to plead its infringement theory clearly before

the Court, since Olympus had ***already*** set forth in its declaratory judgment request its own

reasons for the belief that its cameras did ***not*** meet the limitations of the '209 and '284 Patents.

(*See* C.A. No. 18-216, D.I. 1 ¶¶28, 33.)

Because Maxell's infringement allegations under the '209 and '284 Patents fail to

plausibly allege that the accused Olympus products meet crucial claim limitations, those

allegations in Counts III and IV of Maxell's Complaint and Counterclaims III and IV of Maxell's

Answer should be dismissed.

## II.   Maxell Has Not Plausibly Pled Direct Infringement Of The '244 Patent

Maxell's infringement allegations under the '244 patent, although directed to a different

technology, are likewise deficient.

The '244 patent is directed to an "Imaging Apparatus Capable of Switching Display

Methods."  (Civil Action 18-216, D.I. 10 at Exh. H.)  Maxell accuses Olympus of directly

infringing claim 1.  (Civil Action 18-216, D.I. 10 ¶ 115.)  That claim describes an "imaging

apparatus" (i.e. a camera) having *inter alia* "a cutout image generator which cuts out a specified

area in an image picked up by [an] image pickup unit to generate a cutout image enlarged at a

specified magnification."  Maxell duly alleges that the accused Olympus camera (again, the OM-

D E-M10) has "a processor programmed to function as a cutout image generator."  (*Id.* ¶ 116.)

But Claim 1 further specifies that that same cutout image generator "changes a cutout area in

accordance with a position of [a] particular subject in the pickup image detected by [a] subject recognition unit."

This limitation—that the cutout image generator "changes a cutout area"—is crucial to demonstrating infringement of Claim 1; it must be precisely met by any accused product, as the limitation was added during prosecution to secure allowance of the patent.[3]  *See Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 736 (2002). Yet, Maxell simply makes *no* allegation (even on information and belief) that the accused cutout image generator so changes a cutout area.  (*See* Civil Action 18-216, D.I. 10 ¶ 116.)   In this sense, Maxell's allegations fail to distinguish Olympus's accused products from the very prior art teachings cited against the '244 Patent during prosecution.  Moreover, Maxell makes no allegation that the accused products meet the additional limitation of Claim 1 that "the image pick up unit, the cutout image generator, the image display unit, the display image controller, the image recorder, the image record operation unit and the subject recognition unit are effected, at least in part, by a hardware processor." (Civil Action 18-216, D.I. 10 at Exh. H, Claim 1.)

Again, Maxell's Complaint merely asserts the legal conclusion of infringement, stating with no evidence that Olympus's OM-D E-M10 "satisfy[ies] every element of at least claim 1 of the '244 Patent."  (*Id.* ¶ 117.)  But it is not enough to attest, "in a take-my-word-for-it fashion, that it is so." *North Star*, 2017 WL 5501489 at *3.  As Maxell has not plausibly alleged infringement of any claim of the '244 Patent, its allegations in Count VIII of its Complaint and Counterclaim VIII of its Answer should be dismissed.

---

[3]  Relevant excerpts from the prosecution history of the '244 Patent (*i.e.* the Office Action of November 23, 2012, Claim Amendment of May 23, 2013, and Notice of Allowance of August 5, 2013) are attached with highlighting as Exhibit 3.  A patent's prosecution history may be considered by the Court on a motion to dismiss under *Iqbal* and *Twombly*.  *See Ottah v. Fiat Chrysler*, 884 F.3d 1135, 1142 (Fed. Cir. 2018); *Amgen Inc. v. Coherus Biosciences Inc.*, No. CV 17-546-LPS-CJB, 2018 WL 1517689, at *2 (D. Del. Mar. 26, 2018).

III.   **Maxell's Defective Direct Infringement Pleadings Render Its Corresponding Induced, Contributory, And Willful Infringement Allegations Equally Defective**

"It is axiomatic that '[t]here can be no inducement or contributory infringement without an underlying act of direct infringement.'" *In re Bill of Lading*, 681 F.3d at 1333 (quoting *Linear Tech. Corp. v. Impala Linear Corp.*, 379 F.3d 1311, 1326 (Fed. Cir. 2004) (alteration in original)).  Thus, "allegations of induced, contributory and willful infringement all require that there be plausible allegations of direct infringement . . . ." *Modern Telecom*, 2017 WL 6524526, at *4.  Where such direct infringement allegations are deficient, corresponding induced, contributory and willful infringement likewise fail under *Twombly* and *Iqbal*.  *Id.*; *see also L.M. Sessler*, 2017 WL 4652709, at *5 ("In simply referencing the description from its direct infringement claim, Plaintiff's induced and contributory infringement claims suffer the same fate.").

As Maxell has not plausibly alleged direct infringement of the '209, '284, and '244 Patents by anyone, its induced, contributory, and willful infringement allegations as to those patents are fatally deficient.  Accordingly, the Court should dismiss Counts III, IV, and VIII of Maxell's Complaint, and Counterclaims III, IV, and VIII of its Answer, in their entirely.

IV.   **Maxell Has Not Plausibly Pled Induced, Contributory, Or Willful Infringement Of Any Patent**

Even if *arguendo* Maxell's direct infringement claims were sufficiently pled, Maxell's induced, contributory and willful infringement allegations as to all patent-in-suit are deficient and, at times, nonsensical.

Pleading induced or contributory infringement requires sufficient allegations of fact that the accused infringer knew of the patents-in-suit and knew that the alleged direct-infringers' acts constitute patent infringement.  *See Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 765 (2011) (defining the "knowing" requirement in inducing infringement); *see also Aro Mfg. Co. v.*

*Convertible Top Replacement Co.*, 377 U.S. 476, 488 (1964) (defining the "knowing" requirement in contributory infringement). Thus this Court has held that to appropriately plead infringement under 35 U.S.C. §§ 271(b) and 271(c), a patent owner must allege knowledge both of the patents in suit and of the allegedly infringing nature of the asserted conduct. *MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 234 (D. Del. 2012).

Although Maxell alleges that Olympus has "been on notice" of each patent-in-suit "since at the latest April 7, 2016," Maxell provides no factual averments, exhibits, or further allegations from which the Court could conclude that this is plausible. As this Court has found, even identifying a prior litigation between the same parties over one patent is insufficient to sufficiently allege actual knowledge of another related patent. *Id.* at 233. Thus the bald allegation that Olympus was "on notice"—without identifying the nature or content of *what* put Olympus on notice, or *how* it did so—cannot allow the Court to sufficiently assess the plausibility of Maxell's allegations. Further, as this Court has held, indirect infringement claimed from a defendant's "conduct in selling, advertising, supplying and instructing its respective customers on the use of the infringing product" are "conclusory averments [that] contain no factual support to establish the requisite 'intent.'" *Id.* at 234. But this is all that Maxell pleads for infringement under 35 U.S.C. § 271(b). *See also Neology, Inc. v. Kapsch Trafficcom IVHS, Inc.*, C.A. No. 13-2052-LPS, 2014 WL 4675316, at *6 (D. Del. Mar. 30, 2016) (granting motion to dismiss induced infringement claims because "assertions that a defendant provided unspecified 'training and instructions to [its] customer concerning the use of the Accused Products' are not specific enough to allege the requisite encouragement").

Turning to 35 U.S.C. § 271(c), a party alleging a claim for contributory infringement must plead that (1) there is direct infringement, and (2) the accused infringer had knowledge of

the patent.  *See Fujitsu,* 620 F.3d at 1326.  As set forth above, Maxell's pleadings are deficient in

both regards.  But a claim of contributory infringement must still further allege that the accused

infringer supplies a "component" which (3) has no substantial non-infringing uses, and (4) is a

material part of the invention.  *See id.*  Here, too, Maxell fails to meet its burden.

  Maxell's allegations throughout the Complaint make illogical reference to various

hardware and software mechanisms within Olympus's cameras, as though they were supplied

separately by Olympus for sole purposes of infringement.  Maxell never explains, however,

under what theory Olympus is supplying, *e.g.* "a component to record a picture on a recording

medium"—nor to whom, nor when, nor with what intent.  (Civil Action 18-216, D.I. 10 ¶ 121.)

And even if Olympus had done so, Maxell also provides no factual allegations supporting the

nonsensical assertion that "a component to record a picture on a recording medium," for

example, is not "suitable for substantial non-infringing use."  (*Id.*)

  Maxell's allegations appear to merely parrot the statutory language of 35 U.S.C. § 271(c)

while identifying in generic terms components common to many digital cameras, allegedly

provided in isolation so that unspecified others can use them to infringe in unspecified ways.

But these identified "components" are in fact internal elements of Olympus's cameras, each with

clearly non-infringing uses, which Maxell's allegations do not attempt to tie to the doctrine to

contributory infringement.  (*See, e.g., id.* at ¶ 24 ("the Olympus Products include components for

processing image signals and displaying images"), ¶ 37 ("a white balance control component"), ¶

79 ("components for processing image signals and displaying images"), ¶ 108 ("a component to

record video on a recording medium"), ¶ 134 ("a photographing component to pick up a moving

picture and a still picture").)  In short, Maxell "pleads the requirements for indirect infringement

without reference to any facts which demonstrate how the requirements are satisfied in this instance." *MONEC*, 897 F. Supp. 2d at 235.

Turning lastly to willfulness, Maxell's failure to plausibly plead pre-suit knowledge of the patents, according to this Court, is "fatal" to its willful infringement allegation. *See Execware, LLC v. Staples, Inc.*, Civil Action No. 11-836-LPS-SRF, 2012 WL 6138340, at *6 (D. Del. Dec. 10, 2012), *report and recommendation adopted*, 2013 WL 171906 (D. Del. Jan. 16, 2013); *MONEC*, 897 F. Supp. 2d at 236. And while Olympus recognizes the Court's discretion to award enhanced damages, Maxell's conclusory and unsupported allegations of knowledge and infringement are not enough to plausibly allege "egregious" or "willful" misconduct. *See Halo*, 136 S. Ct. at 1936 ("[T]he Court's references to 'willful misconduct' do not mean that a court may award enhanced damages simply because the evidence shows that the infringer knew about the patent and nothing more.") (Breyer, J., concurring). Thus, Maxell's allegations of willful infringement and its request for "enhanced damages" should be dismissed.

As Maxell has not plausibly alleged induced, contributory, or willful infringement of any of the ten patents-in-suit, its corresponding allegations in Counts I–X of its Complaint and Counterclaims I–X of its Answer should be dismissed.

## CONCLUSION

For the foregoing reasons, Olympus requests that this Court dismiss Counts III, IV, and VIII of Maxell's Complaint and Counterclaims III, IV, and VIII of its Answer. Olympus further requests that the Court dismiss all of Maxell's allegations of induced, contributory, or willful infringement in the Complaint and Counterclaims.

Respectfully submitted,

*/s/ John W. Shaw*
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
SHAW KELLER LLP
I.M. PEI BUILDING
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
*Attorneys for Olympus Corporation*
*and Olympus America, Inc.*

OF COUNSEL:
William J. McCabe
Matthew Moffa
Thomas V. Matthew
PERKINS COIE LLP
30 Rockefeller Plaza
22nd Floor
New York, NY 10112
(212) 262-6900

Dated: August 10, 2018